UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

JAMES HUNDLEY, JR.,

       Plaintiff,

                                    Case No.  1:09-CV-868

v.

                                    HON. GORDON J. QUIST

BURDICK'S BAR & GRILL and
MIKE MERCER,

       Defendants.

_____/

## OPINION

Plaintiff, James Hundley, Jr. ("Hundley"), has filed a complaint against Defendants, Burdick's Bar & Grill ("Burdick's") and Mike Mercer, who is apparently employed by Burdick's. Hundley claims that Burdick's filed a false report against him for failing to pay for food he had ordered and that Mercer committed "retaliatory harassment." Hundley claims that as a result of Defendants' statements and acts, he was charged with defrauding an innkeeper in violation of M.C.L. § 750.292. The charge was eventually dismissed with prejudice.

On September 30, 2009, the magistrate judge issued an order granting Hundley leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Hundley's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504

U.S. 25, 33 (1992). In addition, a federal court may raise subject matter jurisdiction *sua sponte*. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). For the reasons set forth below, the Court concludes that Hundley's complaint must be dismissed for lack of subject matter jurisdiction or, alternatively, because it fails to state a claim.

Although Hundley filed his complaint on the form to be used by prisoners for filing a claim under 42 U.S.C. § 1983 for a civil rights violation, it appears that he may be alleging state law claims. In the "Statement of Claim" section of the form complaint, Hundley states: "Incident Information – Fraud - DeFraud Hotel Rest. Inkeeper [sic], Etc., Burdick's Bar & Grill has filed a false of hood document and retalatory [sic] harassment." To the extent Hundley alleges state law claims, the Court lacks subject matter jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(1), federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Diversity of citizenship is lacking in this case. Hundley is a citizen of Michigan. Although Hundley does not allege the citizenship of Burdick's, his complaint shows that Mercer is a citizen of Michigan. Thus, complete diversity is lacking.

In the event that Hundley is seeking to assert a claim under 42 U.S.C. § 1983 against Burdick's or Mercer, he fails to state a claim. A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555;

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Hundley fails to state a claim under § 1983 for two reasons. First, he does not allege that Burdick's or Mercer were acting under color of state law. Rather, they were private actors, and his claims fail for that reason. *See Briscoe v. Jackson*, 285 F. App'x 205, 208 (6th Cir. 2008) ("With respect to Briscoe's § 1983 claim, his cause of action against Jackson, Johnson, and Terry must necessarily fail, because they are private actors whose conduct cannot be classified as occurring 'under color of state law.'"). Second, Hundley's claim fails because he does not allege the deprivation of a federally protected right. His allegations that Burdick's submitted a false report and that Mercer committed retaliatory harassment do not implicate a federal right.

3

In sum, the Court lacks subject matter jurisdiction to the extent Hundley is alleging state law claims.  Hundley fails to state a claim to the extent he relies upon federal law, because he cannot establish a claim under § 1983, nor does he refer to any other federal law giving rise to his claims against Burdick's and Mercer.

Therefore, the Court will dismiss Hundley's complaint.

An Order Consistent with this Opinion will be entered.


Dated:  October 23, 2009                                    /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE